**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**---------------------------------------------------------------X**
**ROSANNA POLANCO, on behalf of herself and all others similarly-situated,** **16-cv-2663 (PK)**

**Plaintiff,**

**v.**

**WOODHULL TOWERS CAFÉ CORPORATION, and GEORGE PREPIS, individually, and MANOLI KASTAROS,**

**Defendants.**
**---------------------------------------------------------------**

**SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS**

This Settlement Agreement and Release of Claims (hereinafter, "Agreement") is entered into between ROSANNA POLANCO ("PLAINTIFF") and WOODHULL TOWERS CAFÉ CORPORATION, GEORGE PREPIS, and MANOLI KASTAROS, and said company's successors, predecessors, parent, their related domestic and foreign business entities, corporations, partnerships, and subsidiaries, as well as their respective current and former directors, officers, shareholders, partners, employees, assigns, and successors in interest, representatives, agents, insurers, both in their representative and individual capacities, and said individuals' heirs, executors, administrators, successors, assigns, and attorneys (hereinafter WOODHULL TOWERS CAFÉ CORPORATION, GEORGE PREPIS, and MANOLI KASTAROS shall be collectively referred to as "DEFENDANTS");

A. WHEREAS, PLAINTIFF initiated an action in the United States District Court, Eastern District of New York (Index No.: 16 Civ. 2663) alleging violations under the New York City Human Rights Law (the "NYCHRL"), the Fair Labor Standards Act (hereinafter "FLSA"),

and the New York State Labor Law; and

B. WHEREAS, DEFENDANTS have denied PLAINTIFF'S claims; and

C. WHEREAS, after engaging in mediation on November 29, 2016, PLAINTIFF and DEFENDANTS wish to avoid the uncertainties and expense of future proceedings in this matter and desire to forgo any and all future litigation; and

D. WHEREAS, DEFENDANTS are willing to enter into this Agreement with PLAINTIFF and to provide PLAINTIFF with the consideration specified in Paragraph 1, below, in exchange for PLAINTIFF'S promises set forth in this Agreement; and

E. WHEREAS, a separate settlement agreement has been entered into by the parties relating to the settlement of PLAINTIFF'S claims pursuant to the NYCHRL, and Title VII of the Civil Rights Act of 1964 against DEFENDANTS; and

F. WHEREAS, the parties have agreed to voluntarily settle this action in exchange for entering into this Agreement.

Based upon the foregoing promises and the consideration to be provided to PLAINTIFF and the other promises set forth below, DEFENDANTS, intending to be legally bound, agree as follows:

**1. Consideration to be Provided to PLAINTIFF.**

In consideration for the promises made by PLAINTIFF set forth in this Agreement, DEFENDANTS promise to pay PLAINTIFF the total amount of Seventeen Thousand Three Hundred Ninety Five and 00/100 Dollars ($17,395.00) which shall be payable as follows: (a) payment made payable to PLAINTIFF in the amount of Thirteen Thousand Forty-Six and 25/100

Dollars ($13,046.25) less applicable withholding and taxes; and (b) payment made payable to PLAINTIFF's counsel, BORRELLI & ASSOCIATES, PLLC, for attorneys' fees in the amount of Four Thousand Three Hundred Forty-Eight and 75/100 Dollars ($4,348.75). Such payments shall be distributed as follows:

    a. Within sixty (60) days of the signing of this Agreement by PLAINTIFF and DEFENDANT and the execution by PLAINTFF of a W-4 and W-9 and the execution of PLAINTIFF's counsel of a W-9, DEFENDANTS agree to provide PLAINTIFF, through her counsel, with a check made payable to PLAINTIFF in the amount of Three Thousand Two Hundred Sixty-Two and 31/100 Dollars ($3,262.31) less applicable employee withholdings and taxes; and a separate check in the amount of One Thousand Eighty-Seven and 18/100 Dollars ($1,087.18) payable to PLAINTIFF's counsel, BORRELLI & ASSOCIATES, P.L.L.C.;

    b. Within ninety (90) days a days of the signing of this Agreement, DEFENDANTS agree to provide PLAINTIFF, through her counsel, with a check made payable to PLAINTIFF in the amount of Three Thousand Two Hundred Sixty-Two and 31/100 Dollars ($3,262.31) less applicable employee withholdings and taxes; and a separate check in the amount of One Thousand Eighty-Seven and 18/100 Dollars ($1,087.18) payable to PLAINTIFF's counsel, BORRELLI & ASSOCIATES, P.L.L.C.;

    c. Within one hundred twenty (120) days of the signing of this Agreement, DEFENDANTS agree to provide PLAINTIFF, through her counsel, with a check made payable to PLAINTIFF in the amount of Three Thousand Two Hundred Sixty-Two and 31/100 Dollars ($3,262.31) less applicable employee withholdings and taxes; and a separate check in the amount of One Thousand Eighty-Seven and 18/100 Dollars ($1,087.18) payable to PLAINTIFF's

counsel, BORRELLI & ASSOCIATES, P.L.L.C.;

   d. Within one hundred fifty (150) days after the of the signing of this Agreement, DEFENDANTS agree to provide PLAINTIFF, through her counsel, with a check made payable to PLAINTIFF in the amount of Three Thousand Two Hundred Fifty-Nine and 32/100 Dollars ($3,259.32) less applicable employee withholdings and taxes; and a separate check in the amount of One Thousand Eighty-Seven and 21/100 Dollars ($1,087.21) payable to PLAINTIFF's counsel, BORRELLI & ASSOCIATES, P.L.L.C.;

   e. In the event that it is subsequently determined by any federal, state, or local taxing authority that PLAINTIFF owes any additional taxes, it is expressly agreed that the determination of any employee tax liability, if any, is between PLAINTIFF and that taxing authority, and PLAINTIFF shall indemnify and hold DEFENDANTS harmless for the payment of such taxes, including any interest and penalties, except with respect to DEFENDANTS' portions of FICA and other federal employer-portion tax contributions associated with the payments set forth in this Paragraph 1, above.  PLAINTIFF further agrees that any payments set forth above which are made prior to Court approval of PLAINTIFF's claims pursuant to the Fair Labor Standards Act, will be held in escrow by PLAINTIFF's attorney pending approval by the Court as to PLAINTIFF's claims pursuant to the Fair Labor Standards Act.   Should the Court require modification of the amounts set forth above for Court approval, upon written approval by counsel for both parties, the parties shall have the right to amend such amounts set forth herein.

   f. All payments shall be delivered to BORRELLI & ASSOCIATES, P.L.L.C., attention: Michael J. Borrelli, Esq., 1010 Northern Boulevard, Suite 328, Great Neck, New York 11021.

**2.     Adequate Consideration.**

PLAINTIFF expressly stipulates that the consideration referred to in Paragraph 1constitutes adequate and ample consideration for the rights and claims she is waiving under this Agreement and for the obligations imposed upon her by virtue of this Agreement.  PLAINTIFF expressly agrees and acknowledges that DEFENDANTS have promised to pay the consideration referred to in Paragraph 1 of this Agreement in exchange for the releases, waivers, and promises made by PLAINTIFF in this Agreement.

**3.     Release of Claims by PLAINTIFF.**

PLAINTIFF voluntarily and irrevocably releases and forever discharges DEFENDANTS from and against any and all claims, obligations, debts, liabilities, demands, or causes of action of any kind whatsoever (all collectively referred to herein as the "disputes") with respect to any alleged acts occurring before the effective date of this Agreement as it relates to any claims made by the PLAINTIFF contained within her complaint filed in the case number 16 Civ. 2663 currently pending before the United States District Court for the Eastern District of New York, that she was not paid overtime, minimum wages, and/or other wages in connection with her employment, in violation of the FLSA and/or the NYLL.  The disputes released by PLAINTIFF include, but are not limited to, any and all disputes against DEFENDANTS concerning PLAINTIFF'S employment with or arising from her employment with DEFENDANTS pursuant to the FLSA which are set forth in the Complaint filed in this action on or about May 25, 2016, and the PLAINTIFF understands that she is releasing any and all claims alleged against DEFENDANTS pursuant to the FLSA and/or the NYLL set forth in her Complaint.

**4.     Affirmations By PLAINTIFF.**

a.   PLAINTIFF agrees that with respect to the claims she is waiving, she is waiving not only her right to recover money or other relief in any action that she might institute, individually or collectively, but also that in the event a claim is brought on her behalf individually or jointly, by any other person or entity, before the United States Department of Labor, the New York State Department of Labor, or any other (U.S. or foreign) federal, state, or local governmental agency, department, or court as it relates to the claims released by the PLAINTIFF in Paragraph 3 herein, she is waiving her right to recover money or other relief in such action.

b.   As a result of this settlement, PLAINTIFF admits and affirms that: (i) she has had an opportunity to consult her attorney about whether this settlement is reasonable and fully satisfies her claims against DEFENDANTS; (ii) she has no other outstanding lawsuits or claims against DEFENDANTS, other than the action brought in the United States District Court, Eastern District of New York (16 Civ. 2663), and (iii) this Agreement has been entered into after a mediation was held between all parties on November 29, 2016 during which time the parties had an opportunity to hear each side's arguments, and the terms of this settlement were agreed to and negotiated during such mediation.

c.   PLAINTIFF has entered into this Agreement under her own free will and volition upon consultation with her attorney.

**5.     No Admission of Liability or Wrongdoing.**

PLAINTIFF agrees that nothing contained in this Agreement or otherwise shall constitute or be construed as an admission of any alleged liability or wrongdoing by DEFENDANTS.

DEFENDANTS deny that they engaged in any wrongdoing of any kind with respect to PLAINTIFF.

**6.     Breach.**

If DEFENDANTS fail to make a timely payment according to the schedule set forth in Paragraph One of this Agreement, PLAINTIFF shall notify DEFENDANTS in writing (c/o Joshua Marcus, Jmarcus@franklingringer.com, Franklin, Gringer & Cohen, P.C., 666 Old Country Road, Suite 202, Garden City, NY 11530) of such breach.  If such breach is not cured within (10) days of such notification of such breach, DEFENDANTS shall owe PLAINTIFF Seventeen Thousand Three Hundred Ninety-Five and 00/100 Dollars ($17,395.00), less any settlement payment(s) made to date; such amount shall be immediately due in its entirety.  In addition, if such breach is not cured by DEFENDANTS in the time frame set out above, PLAINTIFF may bring an action to enforce this Agreement and in such action, in addition to the remaining unpaid balance not paid by DEFENDANTS, PLAINTIFF shall be entitled to seek liquidated damages in an amount of one hundred percent (100%) of the unpaid balance and shall be entitled to her reasonable attorneys' fees and costs incurred in effecting and/or collecting on a judgment (in an amount of one-third of the total judgment or in the amount of actual costs and attorneys' fees expended in effecting and/or collecting on such judgment, whichever is greater). The Parties will ask the United States District Court for the Eastern District of New York to retain jurisdiction over the Action for purposes of enforcing this Agreement.

**7. Advice of Counsel.**

All parties acknowledge that they have had an opportunity to receive advice about the terms and legal effects of this Agreement from counsel of their choosing. The Parties hereby represents that they have consulted their attorneys about this Agreement before signing it.

**8. Severability.**

Should any part of this Agreement be declared by a court of competent jurisdiction to be illegal or invalid, the remainder of this Agreement shall remain valid and in effect, with the invalid provision deemed to conform to a valid provision most closely approximating the intent of the invalid provision, or, if such conformity is not possible, then the invalid provision shall be deemed not to be a part of this Agreement.

**9. Governing Law and Interpretation.**

This Agreement shall be governed by and construed in accordance with the laws of the State of New York. Its language shall be construed as a whole, according to its fair meaning, and not strictly for or against either party, regardless as to which party may have drafted the language in question.

**10. Disputes; Damages.**

In the event of a dispute as to the interpretation, application, or violation of this Agreement, it is understood and agreed that such dispute shall be resolved before the United States District Court, Eastern District of New York. The parties agree that any such dispute shall be resolved by a judge, not by a jury. Neither party shall be entitled to an award of compensatory, exemplary, or punitive damages in any dispute that might arise under this

Agreement, but the prevailing party in any such dispute shall be entitled to recover their reasonable attorneys' fees and costs incurred to enforce this Agreement.

**11.     Waiting Period, Right of Revocation, Effective Date.**

PLAINTIFF acknowledges that she has been provided with a reasonable period of time within which to consider this settlement and to decide whether to execute this Agreement, and that she has been given the opportunity and, in fact, has consulted with an attorney. The effective date of this Agreement is the date on which PLAINTIFF signs this Agreement.

**12.     Entire Agreement.**

All parties represent and agree that they are not relying on any representations, promises, statements, or agreements not contained in this Agreement. All parties represent and agree that this is an all-inclusive Agreement and that other than the settlement agreement simultaneously executed relating to PLAINTIFF's claims pursuant to Title VII of the Civil Rights Act of 1964, as amended, and the NYCHRL, no other written, oral, and/or implied representations, promises, or agreements exist between them regarding the subject matter set forth in this Agreement. This Agreement cannot be modified, amended, terminated, or otherwise changed unless it is done so pursuant to a written document signed by both PLAINTIFF and representatives of DEFENDANTS.

**13.     Native Language.**

PLAINTIFF represents that she has been presented with a copy of this Agreement in her native language by her counsel or has had this Agreement read to her in her native language by a representative of PLAINTIFF's counsel prior to executing this Agreement.

PLAINTIFF states that her attorneys' fees and expenses are paid, and there will be no

further or separate claim for attorneys' fees or expenses.

**THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE SETTLEMENT AGREEMENT AND RELEASE. THE PARTIES HAVE BEEN REPRESENTED BY COUNSEL THROUGHOUT THE NEGOTIATION OF THIS AGREEMENT AND HAVE CONSULTED WITH THEIR ATTORNEYS BEFORE SIGNING THIS AGREEMENT. THE PARTIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS AGREEMENT. THE ONLY PROMISES OR REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS AGREEMENT.**

**HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT AND RELEASE, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SETTLEMENT SUM AND BENEFITS SET FORTH IN PARAGRAPH ONE ABOVE, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS SETTLEMENT AGREEMENT AND RELEASE INTENDING TO WAIVE, SETTLE, AND RELEASE ALL CLAIMS PURSUANT TO PARAGRAPH 3 OF THIS AGREEMENT. THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.**

**THIS IS A LEGAL DOCUMENT - READ CAREFULLY BEFORE SIGNING.**

Rosanna Polanco

**ROSANNA POLANCO**

Date: 12-15-16

Sworn to and subscribed before me this
15th day of December, 2016.

Notary Public, State of New York

MICHAEL R. MINKOFF, ESQ.
Notary Public, State of New York
Registration #02MI6318218
Qualified In Kings County
Commission Expires Jan. 20, 2019

Print Name: Michael R. Minkoff

**WOODHULL TOWERS CAFÉ CORPORATION**
By: ______________________
Date: ______________________

Sworn to and subscribed before me this
_____ day of _____________, 2016.

Notary Public, State of New York

Print Name: ____________________

**THIS IS A LEGAL DOCUMENT - READ CAREFULLY BEFORE SIGNING.**

______________________________
**ROSANNA POLANCO**

Date:

Sworn to and subscribed before me this
_____ day of ______________, 2016.

______________________________
Notary Public, State of New York

Print Name: ____________________

______________________________
**WOODHULL TOWERS CAFÉ CORPORATION**
By: ____________________
Date: 12/15/16

Sworn to and subscribed before me this
_____ day of ______________, 2016.

______________________________
Notary Public, State of New York

Print Name: ____________________

**GEORGE PREPIS**
Date:

Sworn to and subscribed before me this 15th day of December, 2016.

BRUCE H. GOLDBERG
Notary Public, State of New
Registration # 02GO5011462
Qualified In Queens County
Certificate Filed in Bronx County
Commission Expires 4/19/2019

Notary Public, State of New York

Print Name: Bruce H. Goldberg

Print Name:

**MANOLI KASTAROS**
Date: 12/15/16

Sworn to and subscribed before me this 15th day of December, 2016.

BRUCE H. GOLDBERG
Notary Public, State of New York
Registration # 02GO5011462
Qualified In Queens County
Certificate Filed in Bronx County
Commission Expires 4/19/2019

Notary Public, State of New York

Print Name: Bruce H. Goldberg